# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

JIMMY WILLIAM VINCENT,      )
                                    )

                 **Plaintiff,**      )
                                    )

vs.                                )      **No.  07-CV-266-TCK-PJC**
                                    )

CITY OF TULSA,             )
                                    )

               **Defendant.**     )

## OPINION AND ORDER

Before the Court is Defendant City of Tulsa's ("Defendant") Motion to Dismiss ("Motion") (Doc. 5), wherein Defendant moves to dismiss Plaintiff Jimmy Vincent's ("Plaintiff") claims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). Plaintiff is a fifty-four year old African-American male. Plaintiff's Complaint asserts four claims against Defendant, his former employer: (1) Plaintiff was demoted and denied various promotions based on his age; (2) Plaintiff was terminated based on his race; (3) Plaintiff was terminated in retaliation for engaging in protected opposition to discrimination; and (4) Plaintiff was deprived of the full and equal benefit of the laws, in violation of 42 U.S.C. § 1981. Defendant makes three arguments in support of the Motion. First, Defendant argues all Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) because Plaintiff's pleadings are insufficient. Second, Defendant asserts Plaintiff has failed to exhaust his administrative remedies with respect to the first three claims and that such claims are subject to dismissal pursuant to Rule 12(b)(1). Finally, Defendant contends the fourth cause of action is subject to dismissal pursuant to Rule 12(b)(6) because 42 U.S.C. § 1981 does not provide an

1

independent cause of action.[1]  The Court will address each argument in turn.

**I.      Failure to State a Claim Based on Pleading Deficiencies**

The crux of Defendant's argument is that the Complaint does not provide sufficient information to put Defendant on fair notice of Plaintiff's claims.  (*See* Def.'s Mot. to Dismiss 2-3 (discussing failure to provide specific "dates, ages, or the relevant persons involved with the alleged promotions or demotion" and arguing that the allegations "do not give Defendant fair notice of what Plaintiff's claims are and the ground upon which they rest.").)  However, the Supreme Court has rejected a heightened pleading standard for cases arising under Title VII or other federal anti-discrimination laws.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002).  Therefore, Plaintiff's Complaint must merely comply with Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  The statement must simply "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz,* 534 U.S. at 511 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The simplified notice pleading standard in Rule 8(a) "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims."  *Swierkiewicz,* 534 U.S. at 512.  Due to this simplified standard, "'[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 514 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

---

[1]  Relying on Plaintiff's statements in a General Intake Questionnaire ("Questionnaire") submitted to the Equal Employment Opportunity Commission ("EEOC") on October 20, 2005, Defendant also argued that the statute of limitations has expired as to the first claim.  (*See* Def.'s Reply 4-5.)  Plaintiff has not responded to this argument because it was raised for the first time in Defendant's reply brief.  The Court finds that this argument is not ripe for determination because it was raised for the first time in the reply brief, and the Court declines to reach it at this stage of the proceedings.

The Court finds Plaintiff's Complaint sufficient to provide fair notice to Defendant.  With respect to age discrimination, the Complaint alleges that from May 2001 to August 2005, Plaintiff was "demoted and repeatedly denied promotions" and that "[l]ess qualified employees under the age of forty (40) years were repeatedly given promotions over the Plaintiff."  (Compl. ¶¶ 17-18.) Defendant's primary complaint is Plaintiff's failure to provide more specific, identifying dates and details regarding the relevant demotion and denied promotions; however, the Court finds the date range alleged is sufficient to provide Defendant fair notice to defend the lawsuit. Discovery will allow Defendant to identify the specific instances of age discrimination that are at issue.  With respect to race discrimination and retaliation, these allegations are tied to Plaintiff's termination and are sufficient to satisfy notice pleading requirements.  (*See* Compl.  ¶¶ 21, 23-24.)  To the extent Defendant argues the Complaint is insufficient because it fails to address "how [Plaintiff's] age and race played a factor in the alleged disparate treatment," this is certainly not a pleading requirement in discrimination cases.  *See Swierkiewicz*, 534 U.S. at 512 ("Before discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case. Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases.").  Accordingly, the Court rejects Defendant's first basis for dismissal.

## II.    Failure to Exhaust Administrative Remedies

Defendant also moves to dismiss Plaintiff's first three claims pursuant to Federal Rule of Civil Procedure 12(b)(1) based on Plaintiff's failure to exhaust administrative remedies. Specifically, Defendant asserts that Plaintiff's Charge of Discrimination ("Charge") filed with the EEOC on March 1, 2006 does not encompass the claims in the Complaint.

3

"[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Simms v. Okla. ex rel. Dep't of Mental Health and Substance Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999); *see also Foster v. Ruhrpumpen*, 365 F.3d 1191, 1194 (10th Cir. 2004) (applying same rule in case arising under Age Discrimination in Employment Act).   "This individual filing requirement is intended to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." *Foster*, 365 F.3d at 1195.  In analyzing whether a claim is encompassed within EEOC charges, the EEOC charges must be liberally construed in order to effect the remedial purposes of anti-discrimination laws.  *See id.*  Based on the EEOC regulations, "'a charge is sufficient when the [EEOC] receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of.'"  *Id.* (quoting 29 C.F.R. § 1601.12(b)).

A.     Wrongful Demotion and Denials of Promotions - First Claim

Defendant argues that Plaintiff's first cause of action for age discrimination in connection with demotions and/or denials of promotions is not encompassed in the Charge because Plaintiff did "not raise age as the reason for the denial of his promotion but simply states that they are in retaliation for his previous complaints."  (Def.'s Mot. to Dismiss 5.)  Defendant is correct that age is not mentioned in Paragraph I of the Charge.  However, Plaintiff's statement in Paragraph III is more than sufficient to bring an age discrimination claim within the scope of the Charge: "I believe that I have been discriminated against because of . . . my age, 54, in violation of the Age Discrimination in Employment Act of 1967, as amended."  (*See* Charge, Ex. A to Mot. to Dismiss.)

4

In addition, Plaintiff checked the "age" box (*see id.*), which further supports the Court's conclusion that Plaintiff's Charge includes a claim that he was unfairly demoted and/or denied promotions based on his age.

B.  Wrongful Termination - Second and Third Claims

Defendant contends that Plaintiff's second and third claims are not encompassed in the Charge because the only adverse employment actions referred to in the Charge are a demotion and various failures to promote, rather than a termination.  In his response brief, Plaintiff failed to address the substance of this argument.  Instead, Plaintiff merely urged the Court to consider the Questionnaire as evidence that race discrimination and retaliation are in fact encompassed in the Charge.  The Court agrees that race discrimination and retaliation are clearly alleged as theories of discrimination underlying the wrongful demotion and failures to promote; however, the issue presented is whether the termination – as a discriminatory action separate and apart from the demotion and/or failures to promote – is encompassed in the Charge.[2]

The Tenth Circuit has made clear that a plaintiff alleging discrimination by his employer must "exhaust his administrative remedies for each individual discriminatory or retaliatory act." *Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003).  The Tenth Circuit no longer recognizes a "continuing violation" doctrine, which previously allowed courts to examine whether employment actions occurring after the filing of an EEOC charge were like or reasonably related to the allegations of the EEOC charge.  *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) ("In

_____

[2]  Defendant offered no further argument regarding the second and third claims in its reply brief.  Thus, there was minimal briefing on what the Court views as the most significant issue presented by the Motion.

*Martinez*, we abrogated the continuing violation exception to our jurisdictional requirements to allege a claim of retaliation and held that unexhausted claims involving discrete employment actions are no longer viable.") (quotation omitted).   Instead, each discrete discriminatory incident constitutes its own unlawful employment practice for which administrative remedies must be exhausted, even when those actions occur after the filing of the EEOC charge. *See Martinez*, 347 F.3d at 1210 (affirming district court's grant of summary judgment because the plaintiff had failed to exhaust his administrative remedies as to two incidents – a September 2000 reprimand and an April 2001 termination – which occurred after the filing of the EEOC charge and which were alleged by plaintiff to be a continuing violation).   The policy reason behind this exhaustion rule is that "requiring exhaustion of administrative remedies serves to put an employer on notice of a violation prior to the commencement of judicial proceedings," which "serves to facilitate internal resolution of the issue rather than promoting time-consuming litigation."   *Id.* at 1211.

In this case, neither party provided the Court with the date of Plaintiff's termination, so it is not conclusive from the record that the termination occurred at a point in time after the filing of the Charge.[3]  Regardless, Plaintiff has failed to exhaust his administrative remedies with respect to any discrimination connected to his termination because there is no mention of Plaintiff's termination in the Charge.  The Charge only addresses two adverse employment actions – a demotion occurring in August 2005 and various denials of promotions.  The Charge does not address or mention a termination.  Even assuming it is proper to consider information provided in the Questionnaire for

---

[3]  Plaintiff was clearly employed as of October 20, 2005, the date he submitted the Questionnaire.  (*See* Questionnaire, Ex. B to Resp. to Mot. to Dismiss (stating that Plaintiff was employed by Defendant from "3/21/99 to present").)  It appears, although it is not clear, that Plaintiff also remained employed at the time he filed the Charge on March 1, 2006.

purposes of exhaustion, there is also no mention of a termination in such document.  Indeed, Plaintiff

was still employed at the time he filled out the Questionnaire.  Thus, the legal questions posed by

the second and third claims in the Complaint – whether Plaintiff was terminated based on his race

or in retaliation for engaging in protected opposition to discrimination – are not encompassed in the

Charge.  Plaintiff has failed to exhaust his administrative remedies with respect to any claims of

discrimination in connection with his termination, and such claims are dismissed.  *See Duncan v.*

*Manager, Dep't of Safety, City and Cty. of Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005) (affirming

dismissal of retaliation claim because plaintiff failed to file an additional EEOC charge regarding

an allegedly retaliatory action taken after the filing of the EEOC charge).

**III.      Failure to State a Claim - 42 U.S.C. § 1981**

           In his response brief, Plaintiff admitted that his fourth cause of action – being denied full and

equal benefit of the law in violation of 42 U.S.C. § 1981 – should have been pled as a claim arising

under 42 U.S.C. § 1983 and requested leave to amend his Complaint to list the proper statute.

Defendant made no arguments opposing amendment.  First, the Court finds that Plaintiff's request

for amendment is timely.  Plaintiff made such request in July 2007, which was well in advance of

the September 5, 2007 deadline in the Court's scheduling order.  Second, the Court finds Defendant

will suffer no prejudice as a result of amendment.  There is still significant time left for discovery,

and Defendant has been on notice of a statutory claim similar to that being allowed since the

inception of the lawsuit.  Accordingly, pursuant to Federal Rule of Civil Procedure 15(a), the Court

grants Plaintiff leave to amend his Complaint for the sole purpose of amending the statutory basis

of the fourth cause of action.  *See* Fed. R. Civ. P. 15(a) (stating that "leave shall be freely given

when justice so requires"); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204-11 (10th Cir. 2006)

("The purpose of [Rule 15(a)] is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.") (quotations omitted) (discussing factors to consider in granting motion to amend, including whether motion was timely and whether opposing party would suffer prejudice as a result of the amendment).

Defendant's Motion to Dismiss (Doc. 5) is GRANTED in part and DENIED in part.  It is denied as to the first and fourth causes of action.  It is granted as to the second and third causes of action.  Plaintiff shall be allowed to file a First Amended Complaint to amend the statutory basis for the fourth cause of action no later than February 18, 2007.

ORDERED this 12th day of February 2008.

_Terence Kern_

TERENCE KERN,
UNITED STATES DISTRICT JUDGE