**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JIMMY WILLIAM VINCENT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | No.  07-CV-266-TCK-PJC |
| ) | |
| **CITY OF TULSA,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Defendant City of Tulsa's Motion to Dismiss Plaintiff's Section 1983 Claim Based on Rule 12(b)(6) (Doc. 20).

**I.    Factual Background and Legal Standard**

Plaintiff Jimmy Vincent ("Plaintiff") is a fifty-four year old African-American male. Plaintiff's Amended Complaint asserts three claims against Defendant City of Tulsa ("Defendant"), his former employer: (1) Plaintiff was demoted and denied various promotions based on his age, in violation of the Age Discrimination in Employment Act ("ADEA"); (2) Plaintiff was treated differently than similarly situated white employees, in violation of Title VII of the Civil Rights Act of 1964; and (3) Defendant's decisions to demote and to fail to promote Plaintiff resulted in a failure to provide Plaintiff with full and equal protection of the laws, in violation of § 1983.[1]  Defendant

---

[1] Plaintiff's original Complaint asserted four claims:  (1) Plaintiff was demoted and denied various promotions based on his age; (2) Plaintiff was terminated based on his race; (3) Plaintiff was terminated in retaliation for engaging in protected opposition to discrimination; and (4) Plaintiff was deprived of full and equal protection of the laws, in violation of 42 U.S.C. § 1981.  On February 12, 2008, the Court granted Defendant's motion to dismiss Plaintiff's second and third claims, finding that Plaintiff failed to exhaust administrative remedies as to such claims.  At the request of Plaintiff, the Court allowed Plaintiff to amend the statutory basis for

moves to dismiss the 42 U.S.C. § 1983 ("§ 1983") claim, arguing that Plaintiff's Amended Complaint fails to identify a municipal policy or custom that was the moving force behind the alleged discriminatory actions.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). In making this determination, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). "A 12(b)(6) motion should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

**II.    Analysis**

To establish municipal liability for discriminatory employment actions for purposes of 42 U.S.C. §§ 1981 or 1983, a plaintiff must show that municipal officials acted pursuant to a "'custom or policy' of discriminatory employment practices." *Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (addressing claim asserted pursuant to § 1981); *see also Randle v. City*

---

his fourth cause of action from 42 U.S.C. § 1981 to 42 U.S.C. § 1983. In its Order, the Court granted Plaintiff leave to file an amended complaint for the "sole purpose of amending the statutory basis for the fourth cause of action." (2/12/08 Order 7.) Despite the Court's instruction, Plaintiff amended his complaint in other ways, including dividing the first cause of action into two claims and omitting the dismissed claims. Nonetheless, the Amended Complaint does not assert any new causes of action, and Defendant has not posed objections to the form of the Amended Complaint. Therefore, the Amended Complaint will govern the remainder of the litigation.

*of Aurora*, 69 F.3d 441, 446-47 (10th Cir. 1995) (addressing claim asserted pursuant to § 1983 and explaining that "municipal liability" analysis is the same for purposes of § 1981 and § 1983). "An unconstitutional deprivation is caused by a municipal policy if it results from decisions of a duly constituted legislative body or an official whose acts may fairly be said to be those of the municipality itself." *Carney*, 534 F.3d at 1274 (quotation omitted); *see also Randle*, 69 F.3d at 447 ("[I]f an official, who possesses final policymaking authority in a certain area, makes a decision - even if it is specific to a particular situation - that decision constitutes municipal policy for § 1983 purposes."). A municipal "custom" is an "act that, although not formally approved by an appropriate decision maker, has such widespread practice as to have the force of law." *Carney*, 534 F.3d at 1274; *see also Randle*, 69 F.3d at 447 ("[G]overnmental entities may be held liable for a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'").

Defendant argues that Plaintiff's § 1983 claim fails to state a claim because Plaintiff failed to identify a municipal policy or custom that caused the alleged discrimination. Plaintiff's § 1983 claim is as follows:

> The violations of Plaintiff's constitutional rights occurred as a direct and proximate cause of the intentional, arbitrary and malicious acts of the Defendant herein acting under the color of law. The conduct, when viewed in its totality and compared with reasonably accepted standards of conduct, must be characterized as exhibiting deliberate indifference to the constitutional rights of Plaintiff and intending to cause harm and deprive him of the civil liberties granted to him under the Federal Constitution. The actions of the Defendant were willful, arbitrary and shocking to the conscience of civilized society. Plaintiff has suffered grievous mental, physical and emotional pain. The acts and omissions under the color of law complained of herein include, but are not limited to, the following: a) Failure to promote Plaintiff based on his race and age; b) Wrongful demotion of Plaintiff based on his race and age. By not providing Plaintiff with the full and equal benefit of the rights secured by the Constitution and laws . . . as is enjoyed by white citizens, the Defendant and its agents have violated 42 U.S.C. § 1983.

Plaintiff's Amended Complaint does not identify the relevant decision makers or their status within city government.

The Court finds that Plaintiff's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss. Plaintiff has alleged that "Defendant" deprived Plaintiff of equal protection of the laws by discriminating against him in certain employment decisions. Because only the City of Tulsa (and no individual city officials) have been sued, Plaintiff implicitly alleges that the actions of the relevant decision makers in this case are alleged to be acts of the municipality itself. This is one method of establishing municipal liability in the context of employment decisions. *See Carney*, 534 F.3d at 1273; *Randle*, 69 F.3d at 447.[2] Although Plaintiff's allegations are not specific as to which city officials made the alleged discriminatory decisions, Plaintiff's allegations, taken as true and construed in their most favorable light, are sufficient to state a claim for relief.

Defendant City of Tulsa's Motion to Dismiss Plaintiff's Section 1983 Claim Based on Rule 12(b)(6) (Doc. 20) is DENIED.

ORDERED this 17th day of September, 2008.

_____
TERENCE KERN,
UNITED STATES DISTRICT JUDGE

---

[2] There is no mention in the Amended Complaint of any "widespread" discriminatory personnel practices. In addition, Plaintiff's use of the word "arbitrary" to describe the employment decisions seems contrary to an argument that such decisions are the result of a "custom." Nonetheless, if Plaintiff has uncovered statistical evidence of "widespread" discriminatory practices, Plaintiff shall be allowed to present such evidence in support of his claim.